GILLESPIE, Presiding Justice:
The administratrix of the Estate of Mack Kimble, deceased, brought suit for the wrongful death of the'said Kimble against Roger D. Howard and Robert L. Payne. The jury returned a verdict against Payne and in favor of defendant Howard. Plaintiff appealed, contending that the case should be reversed and remanded as to Howard.
We state the essential facts in the light most favorable to Howard, for whom the jury found. The deceased was a passenger in a pickup truck driven by Payne while traveling south on Highway 63 toward the intersection of Highway 63 and U.S. Highway 98. At the same time Howard was driving his automobile east on U.S. Highway 98 at a speed of not over 45 miles per hour. There was a stop sign facing Highway 63 requiring traffic to stop before entering U.S. Highway 98. The pickup truck being driven by Payne had plywood instead of glass for the right door window, but Payne said he could see through the wind vent between the plywood and the windshield. Payne approached the intersection at a speed of about. 50 miles per hour, failed to stop before entering the intersection and the two vehicles collided in Howard’s right lane of traffic. Kimble was killed.
Several charges of negligence were made against Howard, including excessive speed. The court peremptorily instructed the jury that it could not find against Howard based on the allegation in the declaration that he failed to drive his automobile at a careful and safe rate of speed. Appellant says this was error because it referred the jury to the declaration, citing Southland Broadcasting Company v. Tracy, 210 Miss. 836, 50 So.2d 572 (1951). The instruction did refer to the declaration, but it did not stop there, it informed the jury the particular negligence issue to which the peremptory instruction was directed. Therefore the reference to the declaration was mere surplusage and could not have harmed appellant.
Appellant also contends that the mere fact that all the testimony showed Howard was not exceeding the speed limit of forty-five miles an hour did not justify the peremptory instruction regarding speed. We are of the opinion that there was no proof that Howard’s speed was excessive under the circumstances or that it was a contributing proximate cause of the collision.
There are other complaints concerning the instructions, but we are of the opinion that the jury properly understood the instructions. We find no reversible error in the giving or refusing of instructions.
Appellant also states that the verdict is against the overwhelming weight of the evidence. We are of the opinion that the proof is more than ample that the sole proximate cause of the collision and death of appellant’s deceased was the negligence of Payne in driving his vehicle across the intersection in violation of his statutory *581 duty to stop and enter the intersection only if there was no vehicle approaching on U.S. Highway 98 so closely as to constitute an immediate hazard. Mississippi Code 1942 Annotated, Section 8197 (1956).
Payne was named an obligee in the appeal bond although appellant desires the case affirmed as to Payne. However, Payne has filed a brief contending that the verdict against him is contrary to the overwhelming weight of the evidence. Treating Payne’s contention as a cross-appeal, we find it has no merit and the judgment is affirmed as to Payne.
We find no reversible error and the case should be affirmed.
Affirmed.
RODGERS, JONES, BRADY and IN-ZER, JJ., concur.